UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER MYERS,

    Defendant.

NO. 2:15-CR-00045-JLQ

ORDER RE: RENEWED MOTION TO DISMISS

BEFORE THE COURT was Defendant's Renewed Motion to Dismiss (ECF No. 55). The court did not require the Government to respond. Testimony of the Defendant and oral argument was heard on June 2, 2017. Defendant was present and in custody, represented by Colin Prince of the Federal Defenders of Eastern Washington and Idaho. The Government was represented by Assistant United States Attorney Stephanie Van Marter. This Order memorializes and supplements the court's oral rulings.

## I. Introduction/Summary of the Case

A detailed procedural summary of both the state and federal proceedings up to December 7, 2016, was set forth in the Order re: Motion to Dismiss. *See* (ECF No. 32). Those facts are not repeated herein, but are incorporated by reference to the prior Order. Additional relevant facts occurring after the December 7, 2016 hearing are set forth below.

On January 18, 2017, Defendant pled guilty to two counts of Second Degree Assault in the Spokane County case and was sentenced to 63 months incarceration. This came after 12 continuances in the state case.

ORDER - 1

On February 17, 2017, at the Government's request, a Writ of Habeas Corpus ad Prosequendum was issued in this federal case. (ECF No. 35). On March 8, 2017, Defendant was arraigned. (ECF No. 44). On the same day, this court issued a Scheduling Order setting trial for May 15, 2017. (ECF No. 45).

On April 28, 2017, Defendant filed a Motion to Continue (ECF No. 49). On May 5, 2017, the court granted the Motion and set trial for June 12, 2017. (ECF No. 54).

On May 22, 2017, Defendant filed the Renewed Motion to Dismiss (ECF No. 55), seeking an evidentiary hearing to allow Defendant the opportunity to testify "regarding the prejudicial effects of the delay and to perfect the appellate record." (ECF No. 55 at 2). The court allowed Defendant to testify at the hearing.

## II. Discussion

"[T]he right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment." *Kloper v. State of N.C.*, 386 U.S. 213, 223 (1967). However, "[t]he right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). These differences include: (1) the "societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused"; (2) "deprivation of the right [to a speedy trial] may work to the accused's advantage"; and (3) "the right to speedy trial is a more vague concept than other procedural rights." (*Id.* at 519-21).

To determine whether a violation of the speedy trial right occurred, the Supreme Court adopted a balancing test which courts must use "on an ad hoc basis." (*Id.* at 529-30). Because of the nature of the right, the Supreme Court "can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right." (*Id.* at 530). Those factors are: (1) the length of delay; (2) the reason for delay; (3) defendant's assertion of their speedy trial rights; and

(4) prejudice to the defendant. (*Id*.). None of these factors are "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial" and must be considered "together with such other circumstances as may be relevant." (*Id*. at 533). The Supreme Court also noted "[t]he amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried." (*Id*. at 522).

Despite the court previously finding it did not apply to Defendant as a pretrial detainee, the Government again argued the Interstate Agreement on Detainers Act's anti-shuttling provision prohibited the Government from obtaining Defendant and sending him back to state custody while the state proceeding was ongoing. The Government's position was not well founded. The Act applies "[w]henever a person has entered upon a **term of imprisonment** in a penal or correctional institution." 18 U.S.C. App. 2 § 2, Art. III(a) (emphasis added). There are legitimate concerns about the practical impact of shuttling a defendant back and forth for ongoing proceedings in state and federal court. However, the Act had no bearing in this matter until the point in time Defendant was subject to a term of incarceration on the state charge. Accordingly, the court rejects any argument by the Government that the Interstate Agreement on Detainers Act applied or could have applied to Defendant prior to January 18, 2017, when he was sentenced on the state charges.

**A.     Length of Delay**

The Ninth Circuit has noted "[a]lthough there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *U.S. v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003); *see Doggett v. U.S.*, 505 U.S. 647, 652 n.1 (1992) (same). The delay is measured from "the time of the indictment to the time of trial." *Gregory*, 322 F.3d at 1161-62 (quoting *U.S. v. Sears, Roebuck and Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)). If a defendant shows the delay has been long enough to be

"presumptively prejudicial," "the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652. "[N]o showing of prejudice is required when the delay is great and attributable to the government." *U.S. v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992). The Ninth Circuit has held a 22 month delay "is not long enough to excuse [the defendant] from demonstrating actual prejudice to prevail on his claim." *Gregory*, 322 F.3d at 1163.

This court previously found the delay of then 18 months required "a full examination of the *Barker* factors." (ECF No. 32 at 10). While this matter has proceeded through arraignment, pretrial motion practice, and discovery, trial has not yet occurred. Trial is currently set for June 12, 2017, but the court also notes this matter has been continued once at Defendant's request. *See* (ECF No. 54). The court finds no reason to reconsider its prior conclusion that a full examination of all *Barker* factors is necessary. However, the delay in this matter does not absolve Defendant from showing actual prejudice. The 24 month delay between the issuance of the Indictment and the current trial setting, not counting the one month directly attributable to Defendant's Motion to Continue, is not sufficiently long enough to qualify as a "great" delay. *See Gregory*, 322 F.3d at 1163 (holding a 22 month delay "is not long enough to excuse [the defendant] from demonstrating actual prejudice to prevail on his claim"). Additionally, as addressed below, the reason for delay does not rise to the level of intentional bad faith conduct attributable to the Government, nor has Defendant shown actual prejudice.

**B.   Reason for Delay**

The Government "bears the burden of explaining pretrial delay." *McNeely v. Balans*, 336 F.3d 822, 827 (9th Cir. 2003). In considering the Government's asserted reason for delay, "different weights should be assigned to different reasons." *Barker*, 407 U.S. at 531. "A deliberate attempt to delay the trial in order to hamper the defense should

be weighted heavily against the government." (*Id*.). "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." (*Id*.). "Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." (*Id*.).

The Government's position throughout these proceedings has been to allow the state proceedings to complete before moving forward on the federal charges. The Government offered supporting reasons based on the severity of the First Degree Assault charges in the state case and the overlapping evidence in the parallel proceedings.

Defendant has consistently argued waiting for the state proceedings to conclude does not provide "*carte blanche* for delaying a federal case." (ECF No. 20 at 21). Defendant primarily relied on *U.S. v. Seltzer*, 595 F.3d 1170 (10th Cir. 2010). In both his initial Motion and the Renewed Motion, Defendant analogized his case to *Seltzer*. The court rejected this argument and found *Seltzer* factually distinguishable and declined to adopt the heightened standard in *Seltzer*. *See* (ECF No. 32 at 12-13); *see also*, *U.S. v. Thomas*, 55 F.3d 144, 150 (4th Cir. 1995) (holding delay is appropriate to allow the defendant to be prosecuted by the state "without interference by the federal government" because "[t]o do otherwise would be to mire the state and federal systems in innumerable opposing writs, to increase inmate transportation back and forth between the state and federal systems with consequent additional safety risks and administrative costs, and generally to throw parallel federal and state prosecutions into confusion and disarray"); *U.S. v. Schreane*, 331 F.3d 548, 554-55 (6th Cir. 2003) (holding "[s]imply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay") (internal quotation marks and citation omitted). The factual developments in the instant matter since the first Motion to Dismiss do not change this court's prior analysis and rejection of *Seltzer*.

During the evidentiary hearing herein, both parties spent substantial time detailing the basis for each continuance in the state proceedings. While that matter may have been greatly delayed, the Government neither caused the delay nor is such delay attributable to the Government. The fact Defendant objected to some of the state continuances and consented to others is immaterial. As this court previously stated, if the delay in the state proceedings violated Defendant's constitutional rights, the proper remedy was to seek dismissal of the state action. *See* (ECF No. 32 at 12) ("If there is a constitutional violation in the state proceedings, Defendant's state attorney could move for dismissal on Sixth Amendment grounds"). This court will not hold the federal Government responsible for delays caused by the State of Washington or Defendant's state attorneys.

Additionally, contrary to Defendant's argument, the Government is not required to evaluate each case before deciding whether to proceed or allow concurrent state proceedings to conclude first. It is the court's duty to evaluate each case individually to determine whether a constitutional violation exists. *See Barker*, 407 U.S. at 529-30. The fact the Government has decided to allow state proceedings to conclude first as a matter of policy for all cases does not *ipso facto* make it unconstitutional.

Even if the court found the Government's reason for delay was not valid, there is no evidence suggesting the Government acted in bad faith to hamper the defense. Defendant pointed to no specific prejudice in the presentation of the defense or availability of evidence or witnesses which would compel this court to find the reason for delay should be weighted against the Government. Accordingly, the court finds this factor does not weigh against the Government.

**C.    Defendant's Assertion of Rights**

The parties have not disputed this factor at any time in these proceedings. The court finds Defendant has asserted his speedy trial right, as the record establishes.

///

**D. Prejudice**

The Supreme Court has identified three interests the speedy trial right was designed to protect: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Of those three, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." (*Id*.). Examples of this type of prejudice include the loss of witnesses or fading memories. (*Id*.). Because the length of delay herein is not so great as to relieve Defendant of showing prejudice, the inquiry is whether he has demonstrated actual prejudice. *See Gregory*, 322 F.3d at 1162-63. Additionally, the delay has not been caused by the Government's intentional bad faith conduct.

The record does not show any oppressive pretrial incarceration caused by the federal charges. While Defendant testified regarding his conditions of confinement, he did not state his conditions would have been any different without the federal detainer in place. He would have remained in the Spokane County Jail while the state charges were pending, and there is no evidence suggesting he would have been in a different classification absent the federal detainer.

Defendant testified he had anxiety and stress because of the federal charges. However, Defendant did not testify with specificity how the *delay* in the federal case caused anxiety or concern above and beyond the fact he was named in a federal indictment. The claimed prejudice of anxiety is not substantive or attributable to the Government. The state court continuances caused the delays in this matter, and any prejudice does not constitute a speedy trial violation in the matter *sub judice*.

Lastly, there is no evidence showing Defendant's defense has been impaired by the delay. Defendant does not point to any difficulty obtaining evidence or locating witnesses caused by the delay. The court notes this factor is "most serious" and the absence of any

prejudice to the presentation of Defendant's defense underscores the court's conclusion there is no speedy trial violation.

### III. Conclusion

The Renewed Motion to Dismiss presents no new arguments but relies on some new facts. Those facts, however, do not change the court's finding of no constitutional violation from the delay in this matter. The delay occurred because of the numerous continuances in the state court proceedings, and those delays are not attributable to the federal Government. Additionally, Defendant failed to demonstrate prejudice to his defense in this matter. For all of the reasons set forth herein, the Renewed Motion to Dismiss is Denied.

**IT IS HEREBY ORDERED**:

The Renewed Motion to Dismiss (ECF No. 55) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated June 7, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
