# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHRISTOPHER MYERS, Defendant. | NO. 2:15-CR-00045-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: SENTENCING HEARING |

On August 18, 2017, the court held a sentencing hearing in this matter. Defendant was present, in custody, and represented by Colin Prince of the Federal Defenders of Eastern Washington and Idaho. Assistant United States Attorney Stephanie Van Marter represented the Government. This Order memorializes and supplements the court's oral rulings.

On June 9, 2017, Defendant pled guilty to the Indictment which charged him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *See* (ECF No. 68). At the time of sentencing, Defendant had innumerable adult convictions, including Washington state convictions for Second Degree Assault with a Deadly Weapon and Conspiracy to Deliver Marijuana. The parties disagreed as to whether either or both of those two convictions qualifies as a "crime of violence" or "controlled substance offense."
///
///

ORDER - 1

# I. Offense Level Calculations

The Base Offense Level for Felon in Possession of Firearm is 14 if the defendant "was a prohibited person at the time the defendant committed the instant offense." U.S.S.G. § 2K2.1(a)(6). However, the Base Offense Level rises to 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The Base Offense Level rises to 24 if the defendant has sustained at least two convictions for a crime of violence or controlled substance offense. U.S.S.G. § 2K2.1(a)(2).

A "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see* U.S.S.G. § 2K2.1, App. Note 1 ("'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.").

"Controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b); *see* U.S.S.G. § 2K2.1, App. Note 1 ("'Controlled substance offense' has the same meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2."). This includes "aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, App. Note 1.

## A. Second Degree Assault

On July 13, 2006, Defendant was sentenced based on his plea of guilty to two counts of Second Degree Assault- Deadly Weapon. (ECF No. 87 at ¶¶37-40). The Ninth Circuit holds Second Degree Assault with a Deadly Weapon under Washington law "is

categorically a crime of violence." *U.S. v. Jennen*, 596 F.3d 594, 600 (9th Cir. 2010); *see also*, *U.S. v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010); *Cain v. U.S.*, No. 08-CR-030-JLQ, 2010 WL 5173159 (E.D. Wash. Dec. 14, 2010) (citing cases). *Jennen* has not been overruled, and has recently been cited as controlling authority on whether assault with a deadly weapon is a "crime of violence." *See U.S. v. Perez-Silvan*, 861 F.3d 935, 937 (9th Cir. June 28, 2017).

In an unpublished decision issued on May 24, 2017, a Ninth Circuit panel found the Washington Second Degree Assault statute overbroad and held a conviction under the statute cannot form a predicate offense under the United States Sentencing Guidelines. *See U.S. v. Harrison*, — Fed. Appx. —, 2017 WL 2274994 (9th Cir. May 24, 2017). However, the *Harrison* decision did not cite *Jennen* nor suggest it was overruling *Jennen*. The holding in *Harrison* was based on the Government's concession the statute was overbroad. The panel did not address specific subsections of the statute which set forth separate crimes of second degree assault which each require different elements to be proven. Where, as here and in *Jennen*, a defendant is charged with violating a specific subsection of the assault statute (assault with a deadly weapon) as opposed to the entire statute, there is no need to evaluate the entire statute for overbreadth or divisibility. Additionally, *Harrison* was issued before *Perez-Silvan*. *Perez-Silvan* relies on *Jennen* without suggesting it has been overruled and is a published opinion. *Jennen* remains controlling authority.

Accordingly, this court found Defendant's conviction for Second Degree Assault with a Deadly Weapon is categorically a crime of violence.

**B.    Conspiracy to Deliver Marijuana**

Defendant argued his conviction for Conspiracy to Deliver Marijuana is not categorically a "controlled substance offense" because the Washington conspiracy statute is overbroad compared to federal law. (ECF No. 73 at 2-3). Defendant also argued the

ORDER - 3

*mens rea* for aiding and abetting is lower under Washington law than required under federal law. (ECF No. 73 at 3). Defendant lastly argued his conviction was not punishable by more than one year incarceration. (ECF No. 73 at 3-4).

"In assessing whether a prior state law conviction qualifies as a controlled substance offense under the Guidelines, [the Ninth Circuit] employ[s] the categorical approach from *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990)." *U.S. v. Charles*, 581 F.3d 927, 934 (9th Cir. 2009). The categorical approach requires the court to "'look solely to the fact of conviction and the statutory definition of the prior offense' when determining whether the offenses qualifies under a definition in the Guidelines." *U.S. v. Rendon-Duarte*, 490 F.3d 1142, 1146 (9th Cir. 2007) (quoting *Taylor*, 495 U.S. at 602). The court must consider only the elements of the statutory definition of the crime. *See U.S. v. Lee*, 704 F.3d 785, 788 (9th Cir. 2017).

On December 31, 2012, Defendant pled guilty to Conspiracy to Deliver a Controlled Substance- Marijuana, in violation of RCW 69.50.401 and RCW 69.50.407. (ECF No. 73 at 4). RCW 69.50.401 makes it a felony to "manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." RCW 69.50.401(1). Any person who commits a violation regarding a "controlled substance classified in Schedule I, II, or III is guilty of a class C felony punishable according to chapter 9A.20 RCW." RCW 69.50.401(2)(c); *see* RCW 60.50.204(c)(22) (2012) (listing marijuana as a Schedule I substance). Class C felonies are punishable with up to five years incarceration and up to a $10,000 fine. RCW 9A.20.021(1)(c).

RCW 60.50.407 states "[a]ny person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

ORDER - 4

RCW 9A.28.040(1), the general conspiracy statute for the Washington criminal code, defines a criminal conspiracy and provides for different penalties than the drug conspiracy statute: "[c]riminal conspiracy is a ... Gross Misdemeanor when an object of the conspiratorial agreement is a class C felony." RCW 9A.28.040(3)(c).

In 1994, the Washington Supreme Court held RCW 9A.28.040 and RCW 69.50.407 require an agreement between two co-conspirators, and agreements with law enforcement officers were insufficient to establish a conspiracy. *State v. Pacheco*, 125 Wn.2d 150, 151 (1994). In *Pacheco*, the defendant was convicted under RCW 69.50.407, but the Supreme Court analyzed only the general conspiracy statute, stating in a footnote "[t]he State has not presented any argument that the requisite conspiracy under RCW 69.50.407 is contrary to or inconsistent with the agreement required under RCW 9A.28.040." (*Id*. at 153 n.1). The Supreme Court held "our construction of the conspiratorial agreement element in RCW 9A.28.040 is applicable to RCW 69.50.407." (*Id*.).

In response to the *Pacheco* decision, the Washington legislature added subsection (f) to RCW 9A.28.040 which states "[i]t shall not be a defense to criminal conspiracy that the person or persons with whom the accused is alleged to have conspired... Is a law enforcement officer or other government agent who did not intend that a crime be committed." 1997 Wn. Legis. Serv. Ch. 17 (S.B. 5085) (West). The foregoing amendment did not specifically refer to RCW 69.50.407. The issue is whether the legislative amendment to RCW 9A.28.040 applies to RCW 69.50.407. No Washington appellate court has ruled on the issue.

If conspiracies with law enforcement apply to the drug conspiracy statute, the statute is overbroad and Defendant's drug conspiracy conviction does not count as a predicate offense since under both pre-amendment state of Washington and federal criminal law, a conspiracy cannot be with a government agent. *U.S. v. Escobar de Bright*, 742 F.2d 1196, 1200 (9th Cir. 1984). One Western District of Washington court found the

ORDER - 5

extension of conspiracies with law enforcement applies to the drug conspiracy statute. *See U.S. v. Webb*, 166 F.Supp.3d 1198, 1202-03 (W.D. Wash. 2016) (citing *State v. Pineda-Pineda*, 154 Wn. App. 653, 659, 668 (2010)). This court found the uncertainty of the legislative intent required resolution of the issue in the Defendant's favor, adopting the rule of lenity. The court found Defendant's drug conspiracy conviction to be overbroad and not a predicate offense under U.S.S.G. 2K2.1(a).

The court having ruled in the Defendants favor on the use of the drug conspiracy conviction the Defendant's other arguments concerning that conviction being overbroad became moot.

## II.  Guideline Range

Based on the above findings, the court found the Base Offense Level was 20, a four level enhancement applied because Defendant possessed the firearm in connection with another felony offense, and a three level reduction for acceptance of responsibility applied. Accordingly, the court found the Total Offense Level was 21. Defendant's voluminous criminal history more than satisfied the threshold to be in Criminal History VI. The court found the Guideline Range was 77 to 96 months.

## III.  Sentence

In determining an appropriate sentence in this matter, the court considered the factors set forth in 18 U.S.C. § 3553(a). Defendant's criminal history is one of the worst this court has seen for a person of his age who has been in custody most of his adult life. Defendant has several convictions for serious offenses such as assault, residential burglary, theft, and drugs. Defendant's pattern of criminal conduct requires a conclusion by the court the Defendant has neither learned from his mistakes nor considered the impact his decisions have on others, including his children. In light of all the relevant circumstances of this offense and the statutory factors, the court found a term of 77 months incarceration to be sufficient, but not greater than necessary. Even if Defendant's

Second Degree Assault Conviction was not counted as a predicate offense, the court would find the same period of incarceration to be appropriate.

**IT IS HEREBY ORDERED**:

The court will enter Judgment pursuant to the findings set forth at sentencing and herein.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated August 21, 2017.

<u>s/ Justin L. Quackenbush</u>
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE