FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER RAY MYERS,<br><br>　　　　　　　Defendant. | No.　2:15-cr-0045-SMJ-1<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendant's Post-Appeal Supplement to Motion to Dismiss, ECF No. 121.[1] On remand from the Ninth Circuit, Defendant renews his argument that the Government violated his constitutional right to a speedy trial by delaying proceedings until related state charges were resolved. Applying the standard announced on appeal—that concurrent state charges are not a *per se* basis to delay resolving federal charges—the Court finds that Defendant has failed to establish a constitutional violation. Accordingly, Defendant's renewed motion to dismiss is denied, and the Court will proceed to resentencing.

---

[1] ECF No. 121 is the "Corrected" version of Defendant's motion, originally filed at ECF No. 120. The Court regards ECF No. 121 as the operative version of the motion and disregards ECF No. 120.

ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS **- 1**

## BACKGROUND

On January 30, 2015, Spokane County Sherriff's deputies stopped a vehicle in which Defendant was a passenger. ECF No. 20-1 at 29. Defendant attempted to flee on foot but stumbled and fell. *Id.* at 33. As deputies tired to take him into custody, a gun in Defendant's pocket went off and one of the deputies shot him in the abdomen. *See id.*; *see also* ECF No. 20 at 6. Defendant was arrested and charged in Spokane County with first-degree assault and the unlawful possession of a firearm. ECF No. 20 at 6. On May 5, 2015, Defendant was indicted by a federal grand jury for being a felon in possession of a firearm and ammunition. ECF No. 1. Defendant was not appointed counsel for roughly one year after the indictment, *see* ECF No. 9, and was not arraigned for approximately two years, *see* ECF No. 44. This delay resulted from the Government's decision to delay moving forward with the federal charges while the state proceedings, which were substantially delayed, played out.

Defendant moved to dismiss the indictment, alleging the delay violated his constitutional right to a speedy trial. *See* ECF No. 20. The Court[2] denied that motion. ECF No. 32. Defendant later renewed the motion, and it was again denied.

---

[2] The case was reassigned to the undersigned Judge from the Honorable Justin L. Quackenbush after the Ninth Circuit remanded for further proceedings. References to action by "the Court" prior to remand should therefore be understood as actions taken while Judge Quackenbush was the presiding judge.

ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS - 2

ECF Nos. 55, 59. Defendant then pled guilty pursuant to a plea agreement which preserved his right to appeal the Court's denial of his motion to dismiss. *See* ECF No. 65 at 2. Defendant was sentenced to seventy-seven months in prison, consecutive to his state sentence, with three years of supervised release to follow. ECF No. 96.

Following sentencing, Defendant appealed the Court's denial of his motion to dismiss, *see* ECF No. 106, and the Court's calculation of the advisory range under the U.S. Sentencing Guidelines, *see* ECF No. 107. The U.S. Court of Appeals for the Ninth Circuit vacated the denial of Defendant's motion to dismiss and remanded for further proceedings in light of its holding that concurrent state and federal charges are not a *per se* valid reason to delay federal proceedings. *See United States v. Myers*, 930 F.3d 1113, 1123 (9th Cir. 2019). The Court of Appeals also vacated the sentence and remanded for resentencing. ECF No. 106. The mandate issued on September 12, 2019. ECF No. 109. The case was subsequently reassigned to the undersigned Judge. *See* ECF No. 111.

After receiving input from the parties, the Court ordered supplemental briefing first solely on the issue of Defendant's speedy trial claim. *See* ECF No. 119 at 2. That issue is now fully briefed. *See* ECF Nos. 121, 126 & 127. For the reasons that follow, the Court finds Defendant has failed to show, under the standards

articulated by the Ninth Circuit on appeal, that the Government's delay in bringing him to trial amounted to a violation of his constitutional right to a speedy trial.

## LEGAL STANDARD

The Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has disclaimed "any rigid approaches or clearly defined rules" applicable in determining if a delay in bringing a defendant to trial is tolerable or amounts to a constitutional violation warranting dismissal of the indictment. *Myers*, 930 F.3d at 1120 (quoting *Barker v. Wingo*, 407 U.S. 514, 523 (1972)). Instead, four non-exclusive factors guide such a determination: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* (quoting *Barker*, 407 U.S. at 523). The Court weighs each of these factors on an *ad hoc* basis, assigning to each the appropriate weight and finally determining whether the delay amounts to a constitutional violation.

The Court next briefly summarizes the legal standard applicable to each of these four elements before reevaluating whether the delay in Defendant's case warrants dismissal.

**A.  Length of Delay**

"The length of delay is the threshold factor" in evaluating a speedy trial claim. *Myers*, 930 F.3d at 1119. The extent of delay necessary for a constitutional

violation, however, "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. That is, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* Even so, Courts generally regard delays exceeding one year from the time of the indictment, when the speedy trial right attaches, as presumptively prejudicial. *Myers*, 930 F.3d at 1119 (citing *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003)).

**B.     Reason for Delay**

Crucial to the Court's inquiry is the reason for the delay in bringing a defendant to trial. *Id.* In evaluating this element, the Court considers, among other things, "whether the government or the criminal defendant is more to blame for th[e] delay." *Doggett v. United States*, 505 U.S. 647, 651 (1992). Delays caused by the Defendant militate against dismissal. *Myers*, 930 F.3d at 1119. Delay attributable to the Government may be held against it—and the less legitimate the basis for the delay, the weightier this factor becomes. *Id.* (citing *Barker*, 407 U.S. at 531; *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990); *United States v. Loud Hawk*, 474 U.S. 302, 316 (1986)).

On appeal, the Ninth Circuit held that concurrent state charges are not a *per se* valid reason for delaying federal proceedings. *Id.* at 1120–22. Instead, when the Government attributes pretrial delay to pending state proceedings, the Court must

"consider the nature and circumstances of the delay in order to determine whether (and how much) it weighs against the government." *Id.* at 1121. "In sum," the Ninth Circuit concluded, "there is no bright-line rule" for delays premised on concurrent state and federal charges. *Id.* at 1122.

**C.     Defendant's Assertion of the Right**

To mount a successful speedy trial challenge, the Defendant generally must show that he asserted the right while proceedings were being delayed. *Id.* at 1120 (citing *Barker*, 407 U.S. at 532). However, the failure to do so is not necessarily fatal. *Id.*

**D.     Prejudice to Defendant**

Finally, the Court must evaluate how, if at all, pretrial delay prejudiced the Defendant, focusing on the three interests that the speedy trial right is intended to protect: (1) "to prevent oppressive pretrial incarceration;" (2) "to minimize anxiety and concern of the accused;" and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. "Of these three interests, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Myers*, 930 F.3d at 1120 (quoting *Barker*, 407 U.S. at 532). However, where "the delay is great and attributable to the government," prejudice is not required. *Gregory*, 322 F.3d at 1163 (quoting *United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992)).

## DISCUSSION

The parties largely agree that the dispositive factor on remand is the Government's reason for delay. Neither party disputes that (1) the twenty-two-month delay in bringing Defendant to trial results in a presumption of prejudice, (2) Defendant adequately asserted his speedy-trial right on more than one occasion, and (3) Defendant cannot establish actual prejudice resulting from the delay. *See Myers*, 930 F.3d at 1122–23.

The Government asserts, however, that the Court's purview on remand is limited to assessing the reason for the delay. ECF No. 126 at 2 ("The Ninth Circuit did not invite nor is it needed, a review of the entirety of the *Barker* factors as the Defendant argues, especially its definitive conclusion that the Defendant cannot establish that he suffered any prejudice as a result of the delay.").

The Court agrees that it is unnecessary to relitigate each of the *Barker* factors as if starting from a blank slate—all the more so because, with the exception of the Government's reason for delay, the outcome of those factors is not in contention. But the *Barker* factors are to be balanced "in a practical, case-by-case analysis." *Myers*, 930 F.3d at 1120 (citing *Barker*, 407 U.S. at 533). The nature of a balancing test, in which no one factor is necessary or sufficient, precludes the Court from analyzing any one factor in a vacuum, as the Government appears to propose. *Id.* Rather, "they are related factors and *must be considered together* with such other

circumstances as may be relevant." *Barker*, 407 U.S. at 533 (emphasis added). And as the Ninth Circuit directed, on remand, the Court is to "reweigh the *four Barker* factors in light of" its holding. *Myers*, 930 F.3d at 1123 (emphasis added). As such, the Court must proceed to consider those factors as to which the parties agree, as well as the reason for the delay, and assign the appropriate weight to each. Only then can the Court determine whether Defendant has made out a speedy trial violation warranting dismissal.

### A. The length of the delay raises a presumption of prejudice

As the Ninth Circuit recognized and the parties agree, the twenty-two-month delay between the indictment and the date on which Defendant pled guilty is sufficient to raise a presumption of prejudice. *Myers*, 930 F.3d at 1122 (citing *Gregory*, 322 F.3d at 1161–62); ECF No. 121 at 6. Moreover, the offense for which Defendant was indicted—being a felon in possession of a firearm and ammunition—is closer to the "ordinary street crime" than the "serious, complex conspiracy charge" described in *Barker*, reducing the level of constitutional tolerance for delay. 407 U.S. at 530–31. Thus, this factor weighs strongly in favor of dismissal.

//

//

//

## B. Defendant asserted his speedy trial right

The Court also agrees with the parties and the Ninth Circuit that Defendant asserted his speedy trial right on numerous occasions. *See Myers*, 930 F.3d at 1122 n.6; *see also* ECF No. 121 at 7. Thus, this factor also weighs in favor of dismissal.

## C. Defendant has failed to show prejudice

Defendant failed to show actual prejudice resulting from the delay in bringing him to trial, and as the Ninth Circuit held, none of his arguments to the contrary have merit. *Myers*, 930 F.3d at 1122–23. Defendant concedes this point. ECF No. 121 at 7–8. The failure to show actual prejudice is not fatal to Defendant's claim. *See Gregory*, 322 F.3d at 1163; *see also United States v. Ingram*, 446 F.3d 1332 (11th Cir. 2006). Nevertheless, Defendant's inability to show how the delay resulted in any identifiable harm weighs heavily against dismissal.

## D. The Government's reason for the delay weighs slightly in its favor

On appeal, the Ninth Circuit rejected a *per se* rule that concurrent state and federal criminal proceedings would always justify delay in bringing a Defendant to trial, instead announcing,

> [W]here a delay arises due to concurrent state and federal proceedings, a court must consider the nature and circumstances of the delay in order to determine whether (and how much) it weighs against the government. For instance, when the state's charges factually overlap with the federal charges, such that trying the defendant concurrently would present administrative hurdles and safety concerns, a delay may be justified and not weigh against the government. On the other hand, when state charges are unrelated to the federal charges, and the government adduces no evidence that concurrent proceedings would

ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS - 9

present administrative difficulties or safety concerns, a court may weigh the delay against the government.

*Myers*, 930 F.3d at 1121–22 (citations omitted).

The Government argues administrative hurdles justified the delay in proceeding with the federal charges—that the cases involved "the exact same discovery, the exact same witnesses, the exact same evidence, and the exact same experts." ECF No. 126 at 5. Thus, the Government argues, "[m]oving forward on the federal case while the state case remained pending would have led to significant procedural difficulties and hampered the administration of justice." *Id.* It asserts that to do so would have necessitated "[j]umping back and forth between two different jurisdictions, for two different offenses with two different defenses." *Id.* at 7. Defendant asserts the Government has failed to produce evidence to establish this claim. ECF No. 121 at 8.

Applying the *ad hoc* balancing approach as directed by the Ninth Circuit, the Court concludes the reason for the delay weighs in favor of the Government, albeit not heavily. To be sure, the Government *could* have advanced the federal proceedings while the state charges played out. And to some extent, the Court agrees with Defendant that the administrative difficulties to which the Government points were not so significant as to make concurrent prosecutions impracticable or even seriously burdensome. Defendant was incarcerated on the state charges within miles of the federal courthouse where he would stand trial and attend hearings on

the federal charges, and much of the discovery in the federal proceedings existed in easily-duplicated electronic format. *See* ECF No. 127 at 6–7; ECF No. 126 at 5–6.

But the Court is not persuaded, as Defendant asserts, that the Government's proffered reasons for delay are wholly baseless. *See, e.g.*, ECF No. 127 at 6. Most notably to the Court, the Government credibly contends that coordinating witness and evidentiary availability could have resulted in real administrative difficulty. *See* ECF No. 126 at 5–6. So too would the task of coordinating the presence of counsel with the respective courts' availability.

Defendant argues that these calendaring concerns are non-issues "[u]nless the state and federal courts accidentally scheduled trial for the same day," but that misses the point. The question is not whether coordinating simultaneous prosecutions was theoretically possible, but instead whether the Government's decision to delay moving forward was based on legitimate concerns about the potential difficulty of doing so. *See Myers*, 930 F.3d at 1121–22. Put differently, the Government need not show administrative impossibilities, only administrative hurdles. *See id.* The Court concludes it has done so.

As the Government argues, had the parties or the Court known how long Defendant's state charges would take to resolve, Defendant's federal case might have gone differently. *See* ECF No. 126 at 8. But the state proceedings were continued twelve times—on each occasion at Defendant's request—which the

Court can only assume no party foresaw at the commencement of either the state or federal proceedings. *See Myers*, 930 F.3d at 1118. With the benefit of hindsight, the Government might have reconsidered its decision to refrain from prosecuting the federal charges until the state charges were resolved, or even delayed indicting Defendant until that time. But the Court cannot say that, after having chosen to indict him, the Government's choice to delay the federal proceedings while the state charges played out was unreasonable. In sum, the Court finds Defendant's case falls squarely within the example the Ninth Circuit gave—where "the state's charges factually overlap with the federal charges, such that trying the defendant concurrently would present administrative hurdles and safety concerns." *Id.* at 1121–22. As such, the reason for the Government's delay was valid, and this factor weighs in its favor.

**E.     Defendant has failed to establish a speedy trial violation**

Having re-considered the four *Barker* factors, the Court finds Defendant has failed to establish a violation of his constitutional right to a speedy trial. As the parties agree, the length of delay and Defendant's assertion of his right to a prompt trial weigh in his favor. But as explained above, the Government's reason for the delay weighs in its favor. When the Court balances these conclusions against Defendant's inability to show any real prejudice resulting from the delay, which

weighs heavily against his speedy trial claim, the Court finds he has failed to make out a constitutional violation warranting dismissal.

To be clear, the Court does not hold that Defendant's speedy trial claim fails *solely* because he cannot establish prejudice. *See Doggett*, 505 U.S at 655 (citing *Moore v. Arizona*, 414 U.S. 25, 26–27, and n.2 (1973); *Barker*, 407 U.S. at 533) ("[A]ffirmative proof of particularized prejudice is not essential to every speedy trial claim."). Indeed, were the Court to find that all three other factors weighed heavily against the Government, Defendant's inability to show prejudice would not stand in the way of his requested relief. *See Ingram*, 446 F.3d at 1336 (citing *Doggett*, 505 U.S at 655). Here, however, the three remaining factors do not weigh heavily against the Government—in fact, one weighs in its favor. Thus, the Court concludes that dismissal is inappropriate.

## CONCLUSION

Defendant has failed to establish a speedy trial violation warranting dismissal. He has demonstrated presumptive prejudice resulting from the twenty-two-month delay from when he was indicted until he pled guilty, during which time he asserted his right to a speedy trial on more than one occasion. But Defendant has failed to show any concrete, identifiable harm stemming from the delay. And the Court finds the Government's proffered reasons for the delay—administrative difficulties inherent in concurrent prosecutions based on nearly identical facts—

weigh against dismissal. Accordingly, balancing all the *Barker* factors in an *ad hoc* manner, as the Ninth Circuit directed, the Court finds Defendant has not established a violation of his constitutional right to a speedy trial. The motion is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Post-Appeal Supplement to Motion to Dismiss (Corrected), **ECF No. 121**, is **DENIED**.

2. Within thirty days of the entry of this Order, Defendant shall submit a supplemental brief addressing the Ninth Circuit's holding regarding the calculation of Defendant's sentencing guideline range. *See* ECF No. 107. Absent the Court's express authorization, Defendant's supplemental brief shall be no longer than fifteen pages.

3. Within fourteen days of the filing of Defendant's supplemental brief regarding resentencing, the Government shall submit a supplemental response addressing the arguments raised in Defendant's supplemental brief. Absent the Court's express authorization, the Government's brief shall be no longer than fifteen pages.

4. Within fourteen days of the filing of the Government's supplemental response, Defendant may file an optional supplemental reply brief. Defendant's optional supplemental reply brief, if any, shall be no longer than ten pages.

5. The Court shall initially consider the supplemental briefing without oral argument. If the Court determines that oral argument is necessary, it will set a date for a hearing.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this order and to provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 29th day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge